Argued and submitted October 25, 1982, affirmed March 2, 1983

EMBRY,
*Appellant,*
*v.*
PACIFIC STATIONERY AND PRINTING COMPANY,
*Respondent.*

(A8103-01766; CA A23323)

659 P2d 436

Elden M. Rosenthal, Portland, argued the cause for appellant. With him on the briefs were Rosenthal & Greene, P.C., Portland.

John S. Watts, Portland, argued the cause for respondent. With him on the brief was Watts & Watts, Portland.

Before Richardson, Presiding Judge, Thornton, Senior Judge, and Van Hoomissen, Judge.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

In this action for wrongful discharge, plaintiff appeals from a judgment on the pleadings in favor of his former employer. The issue is whether an employe may sue in tort when he is covered by a collective bargaining agreement that includes a grievance procedure and he has not exhausted that remedy.

Plaintiff filed a complaint for wrongful discharge against Pacific Stationery and its employe Reichel.[1] He alleged that Reichel, his supervisor, had ordered him to pick up a damaged filing cabinet from a customer, to put it in a new carton after denting it so that it would appear that the cabinet was damaged during shipping and to file a claim for damaged freight. When he refused to do so, he was fired. He sought damages for lost wages and punitive damages.

As an affirmative defense, defendants alleged that Pacific was an employer subject to the Labor Management Relations Act of 1947 (Act) and that plaintiff was a member of a union that had entered into a collective bargaining agreement with Pacific.[2] They alleged further that plaintiff's discharge was a matter covered by that collective bargaining agreement and that, therefore, the agreement's grievance procedures constituted his exclusive remedy.

Plaintiff admitted that Pacific was subject to the Act, that he was a member of a union that had entered into a collective bargaining agreement with Pacific and that he had not employed that agreement's grievance procedures. He maintained, however, that the collective bargaining agreement did not divest the court of "jurisdiction" to hear a tort claim for wrongful discharge under common law. He

---

[1] The claim against defendant Reichel was severed and held in abeyance pending this appeal. At the time it entered judgment, the trial court found that there "is no just reason for dely in the entry of final judgment as to Pacific Stationery, in order that a determination may be obtained upon appeal as to the correctness of the Court's ruling denying plaintiff's Motion to Strike defendants' Affirmative Defense in their Answer herein." *See* ORCP 67B.

[2] The collective bargaining agreement provides in relevant part:

"The employer shall be the judge as to the qualifications and competency of his employes and reserves the right to discharge any employee for good cause. The Employer and the Union agree that discharges will be made fairly and impartially. Discharges not so made shall be subject to the Grievance and Arbitration clause of this contract."

acknowledges that the issue presented here is one of first impression and that the authorities permitting a tort action for wrongful discharge where a collective bargaining agreement existed all arose from specific statutorily created causes of action.

■    A grievance provision in a collective bargaining agreement does not bar an employe from choosing another forum where the claim is based on an independent statutory right. *Barrentine v. Arkansas-Best Freight System,* 450 US 728, 101 S Ct 1437, 67 L Ed 2d 641 (1981); *Alexander v. Gardner-Denver Co.,* 415 US 36, 94 S Ct 1011, 39 L Ed 2d 147 (1974); *Vaughn v. Pacific Northwest Bell Telephone,* 289 Or 73, 611 P2d 281 (1980). Plaintiff does not contend that he has an independent statutory right. He argues that the same rationale should apply when a claim is based on "fundamental public policy considerations." He relies primarily on *Nees v. Hocks,* 272 Or 210, 536 P2d 512 (1975), in which the Supreme Court held that an employe who was discharged because she went on jury duty contrary to her employer's wishes could recover compensatory damages. *Nees* is distinguishable, however. It involved an employe who was hired "at will," that is, an employe who was not covered by a labor contract and whose employment generally could be terminated by her employer at any time and for any cause. The issue in *Nees* was whether there are instances in which the employer's reason or motive for discharging an "at will" employe harms or interferes with an important public interest and, therefore, justifies compensation to the employe. Lacking access to a labor contract grievance procedure, such an employe would be without a remedy if she could not bring an action for wrongful discharge. That is not the case here. Plaintiff was not an employe hired "at will."

■ ■    There is a strong federal policy to encourage and support collective bargaining agreements and their grievance procedures.[3] An employe subject to such an agreement

---

[3] *See Republic Steel v. Maddox,* 379 US 650, 653, 85 S Ct 614, 13 L Ed 2d 580 (1965); *Steelworkers v. Enterprise Corp.,* 363 US 593, 596, 80 S Ct 1358, 4 L Ed 2d 1424 (1960); *Steelworkers v. Warrior & Gulf Co.,* 363 US 574, 577-78, 80 S Ct 1347, 4 L Ed 2d 1409 (1960); *Steelworkers v. American Mfg. Co.,* 363 US 564, 566-68, 80 S Ct 1343, 80 S Ct 1363, 4 L Ed 2d 1405, 4 L Ed 2d 1432 (1960); *Textile Workers v. Lincoln Mills,* 353 US 448, 456-57, 77 S Ct 912, 77 S Ct 923, 1 L Ed 2d 972 (1957).

must ordinarily utilize its grievance procedures as his exclusive remedy. In *Steelworkers v. Warrior & Gulf Co.,* 363 US 574, 581, 80 S Ct 1347, 4 L Ed 2d 1409 (1960), the Supreme Court said:

> " \* \* \* [T]he grievance machinery under a collective bargaining agreement is at the very heart of the system of industrial self-government. Arbitration is a means of solving the unforeseeable by molding a system of private law for all the problems which may arise and to provide for their solution in a way which will generally accord with the variant needs and desires of the parties. The processing of disputes through the grievance machinery is actually a vehicle by which meaning and content are given to the collective bargaining agreement."

The trial court correctly granted Pacific's motion.

Affirmed.